UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY MACK, | ) | 1:09-cv-00487-BAK-GSA HC |
| | ) | |
| | ) | ORDER DISMISSING FIRST AMENDED |
| Petitioner, | ) | PETITION FOR WRIT OF HABEAS |
| | ) | CORPUS FOR LACK OF EXHAUSTION |
| | ) | (Doc. 4) |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| UNITED STATES DISTRICT COURT, | ) | TO ENTER JUDGMENT AND CLOSE FILE |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

  Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 16, 2009, Petitioner filed his original petition, which was unsigned. (Doc. 1). Subsequently, on April 1, 2009, Petitioner filed the instant first amended petition, which is signed under penalty of perjury. (Doc. 4). On March 24, 2009, Petitioner consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 72-302. (Doc. 3).

  The Court has conducted a preliminary review of the first amended petition. For the reasons set forth below, the Court concludes that the claims in the first amended petition are entirely unexhausted and thus the amended petition must be dismissed.

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B.  Exhaustion of State Remedies.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366.  Recently, the Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000).  Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner asserts the following grounds for relief in the first amended petition: (1) failure to adhere to plea bargain to dismiss a prior strike enhancement; and (2) the sentence imposed violates the Eighth Amendment.  (Doc. 4, pp. 2-3).  Petitioner alleges that he pleaded guilty to the offense for which is now serving a six year prison term, that he did <u>not</u> file an appeal from his conviction, that he has <u>never</u> presented any habeas petitions to the California courts, and that he did <u>not</u> seek review for these claims in the California Supreme Court.  (Doc. 4, pp. 5-6).

From the foregoing, the Court has no alternative but to conclude that none of Petitioner's claims in the first amended petition have ever been presented to the California Supreme Court. Accordingly, the first amended petition is entirely unexhausted and, hence, the Court must dismiss it. See <u>Calderon v. United States Dist. Court</u>, 107 F.3d 756, 760 (9th Cir. 1997) (en banc);  <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1273 (9th Cir. 1997).

///

///

3

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1) The first amended petition for writ of habeas corpus (Doc. 4), is DISMISSED; and

2) The Clerk of the Court is DIRECTED to enter judgment and close the file.


IT IS SO ORDERED.

**Dated:   June 11, 2009**                        /s/ **Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE

4